# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

May 7, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY KEFFER, WIDOW OF
JOHN C. KEFFER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0533**  (BOR Appeal No. 2046520)
                          (Claim No. 940042304)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CHARLESTON CONTSTRUCTION, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Betty Keffer, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2012, in which the Board affirmed an October 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 10, 2009, decision denying Ms. Keffer's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

1

circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Keffer filed a claim for dependent's benefits following the December 7, 2008, death of her husband, John. The decedent's death certificate listed the cause of death as lung cancer metastatic to the brain. Occupational pneumoconiosis and diabetes are listed as significant conditions contributing to, but not resulting in the underlying cause of, the decedent's death. On September 3, 2009, the Occupational Pneumoconiosis Board noted that the decedent had received a 50% lifetime permanent partial disability award for occupational pneumoconiosis. The Occupational Pneumoconiosis Board then found that occupational pneumoconiosis did not materially contribute to the decedent's death, and further found that there is no radiographic evidence of occupational pneumoconiosis in the record. On December 4, 2009, Daniel Doyle, M.D., the decedent's treating physician, stated that the decedent suffered from severe occupational pneumoconiosis complicated by chronic bronchitis with repeated bouts of pneumonia and acute asthmatic bronchitis. Dr. Doyle then stated that occupational pneumoconiosis contributed to the decedent's death, and that his breathing complications related to occupational pneumoconiosis weakened him and made it more difficult for him to tolerate the side effects of treatment for lung cancer.

On November 8, 2010, Sanjay Mehta, D.O., stated that occupational pneumoconiosis caused the decedent's death and then went on to state that occupational pneumoconiosis was a major contributing factor to the decedent's death. On April 15, 2011, Gregory Fino, M.D., performed a records review and found that the decedent had a forty to seventy pack-year smoking history. He further found that the decedent suffered from chronic obstructive pulmonary disease consistent with smoking-induced chronic obstructive pulmonary disease. He found that there is radiographic evidence of malignancy, but not of occupational pneumoconiosis. He further found that even if it was assumed that occupational pneumoconiosis was present, it still could not be considered a material contributing factor to the death of the decedent. He then stated that the decedent developed lung cancer as a result of his significant smoking history. At a hearing on August 3, 2011, the Occupational Pneumoconiosis Board found that the decedent suffered from severe obstructive airway disease, but that there is no indication that it was caused by occupational pneumoconiosis. The Occupational Pneumoconiosis Board then concluded that the decedent died from metastatic lung cancer and that occupational pneumoconiosis was not a material contributing factor to the decedent's death. On November 10, 2009, the claims administrator denied Ms. Keffer's request for dependent's benefits.

In its Order affirming the November 10, 2009, claims administrator's decision, the Office of Judges held that the decedent's death was caused by metastatic lung cancer, and further held that occupational pneumoconiosis did not contribute in any material degree to the decedent's death. Ms. Keffer disputes this finding and asserts, per the opinion of Dr. Doyle, that occupational pneumoconiosis materially contributed to her husband's death, and that she is therefore entitled to dependent's benefits.

In *Bradford v. Workers' Compensation Com'r*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant

must show that an occupational disease or injury "contributed in any material degree to the death." The Office of Judges found the conclusions of Dr. Fino and the Occupational Pneumoconiosis Board to be reliable. Further, the Office of Judges found that the decedent died as a result of metastatic lung cancer and that the evidence of record demonstrates that occupational pneumoconiosis did not materially contribute to his death. The Board of Review reached the same reasoned conclusions in its decision of March 29, 2012. We disagree. We find that the opinions of Drs. Doyle and Mehta are persuasive. We further find that the evidence of record demonstrates that occupational pneumoconiosis materially contributed to the decedent's death, and Ms. Keffer is therefore entitled to dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to grant Ms. Keffer dependent's benefits.

Reversed and remanded.

**ISSUED:  May 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3